THE LAKE ONTARIO NATIONAL BANK, Respondent, *v.* DAVID H. JUDSON *et al.*, Appellants.

*Court of Appeals, October 7, 1890.*

Affirming 45 Hun, 595, Mem.

1. *Appeal.*—The reviewing power of the court of appeals upon questions of fact ceases, when it determines that the findings of a referee are supported by the evidence in some material degree.

2. *Trial. Affirmative of issue.*—The duty to introduce evidence and the right to close the summing up are determined by the pleadings in the case.

3. *Same.*—The party who alleges as a fact that which the other side disputes, has the burden and the right of introducing the proof to sustain the disputed fact, and the right of introducing rebutting proof to overcome the proof introduced by the other side in disproof of the alleged facts, and the right to close the summing up.

4. *Same.*—If admissions, in terms, of facts alleged in a pleading are not distinct and disconnected with any other defensive matter, the party is not bound to accept the admission, but may prove his allegations, for otherwise he would be compelled to take, with the admission, the defensive matter and the burden of disproving it.

5. *Same.*—The plaintiff should not be deprived of the right of the closing argument by doubtful and uncertain allegations of the defendant's pleading. When a pleading is susceptible of two meanings, that meaning shall be taken which is the most unfavorable to the pleader.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*J. B. Higgins,* for appellants.

*S. C. Huntington,* for respondent.

POTTER, J.—There are two questions arising upon the merits of this case, and another of a practical character arising from the structure of the pleadings and the course of the trial. The questions upon the merits are practically disposed of in this court when it determines that the findings of the referee are supported by the evidence in some material degree; for at that point the reviewing power of this court ceases upon questions of fact.

·The causes of action set forth in the complaint are based upon two promissory notes alleged to have been made by the defendants as copartners payable to the order of Judson, one of the makers, and indorsed and delivered by him to the plaintiff before maturity and for a valuable consideration, who thereupon became and still is the owner and holder thereof.

The complaint contained the necessary allegations to charge both defendants as makers and the defendant Judson as indorser of the notes in question. The answer among other things (which will be more particularly stated when we come to consider the questions of practice in this case), sets forth a counterclaim alleged to have accrued to defendants for repairing canal boats for the plaintiff and amounting to some $900 besides interest.

The answer also alleges that the notes were without consideration, have been given for a pretended balance of indebtedness of the defendants to plaintiff through a series of loans and discounts in which the plaintiff has charged the defendants an excessive and illegal rate of discount. Considerable evidence was introduced by both parties before the referee bearing upon these issues, and the referee has found against the contention of the defendants; that the plaintiff was indebted to the defendants for repairs to boats, and that the notes were given upon the consider-

ation of a subsisting balance of indebtedness from defendants to plaintiff.

We have examined the exceptions taken by the learned counsel of the appellants to the rulings of the referee in receiving and rejecting evidence and presented in his brief. We do not think those exceptions disclose any error in those rulings which worked any harm to the defendants or require a new trial.

But there is another subject of contention between the learned counsel in this case, which was developed at the close of the evidence and has continued ever since, and that is the question which party had the right of the closing argument or summing up before the referee.

This matter, even if the referee erred in that regard, I think was effectually disposed of by the consent and offer of plaintiff to yield that right or privilege to the defendants, and we cannot interfere with such exercise of discretion by the general term.

But it may be regarded as more respectful to the great learning and industry exhibited by the counsel upon this branch of the appeal if the court bestows a little further consideration upon it. The cases hold, and with good reason, that the pleadings should determine which party has the duty to introduce evidence and the right to close the summing up.

The office of pleadings is to set forth the facts upon which the party relies to establish a cause of action or a defense. If one party cannot truthfully or is not inclined to dispute the facts alleged by the other in his pleadings, an issue or question of law will be presented for the court to determine.

If the party does not state the facts in his pleading, but does state some of them, the other party should deny such as are not true and admit such as are true. Hence it is provided that a party may deny or admit in his pleading the facts stated in his adversary's pleading. This serves several

useful and well defined purposes. One is to inform the parties and the court just what facts each is required to prove and what facts do not require proof upon the trial. After the trial, the pleadings which form a part of the judgment roll serve the purpose of showing the facts established between the parties and their rights.

The practice before tribunals of fact which has necessarily resulted from this system of pleading and been sanctioned by the courts, is that the party alleging as a fact that which the other side dispute has the burden and the right of introducing the proof to sustain the disputed fact, and the right of introducing rebutting proof to overcome the proof introduced by the other side in disproof of the alleged facts and the right to the close of the summing up.

In order that these purposes may be practically and effectually served, the pleading is required to be expressed in clear and concise language, so that the counsel and court and all concerned in the trial may readily apprehend what facts are to be proved and upon which party rests the burden of proving them.

" A construction of doubtful or uncertain allegations in a pleading, which enables a party by thus pleading to throw upon his adversary the hazard of correctly interpreting their meaning, is no more allowable now than formerly ; and when a pleading is susceptible of two meanings, that shall be taken which is most unfavorable to the pleader." Clark *v.* Dillon, 97 N. Y. 373.

Admissions, in terms, of facts alleged in a pleading must be distinct and disconnected with any other defensive matter. If not so, the party is not bound to accept the admission, but may prove his allegations, for otherwise he would be compelled to take with the admission the defensive matter and the burden of disproving it. Goodyear *v.* De La Vergne, 10 Hun, 537 ; Vanderbilt *v.* Schreyer, 21 Id. 541 ; Gildersleeve *v.* Landon, 73. N. Y. 609; Redmond *v.* Tone, 32 N. Y. State Rep. 260.

These general principles are beyond question and are familiar to every legal mind, and when applied to the pleadings and course of trial of this case, they lead to the conclusion that the rulings of the referee in respect to which party had the affirmative and the right to close the summing up were correct.

The action is brought to establish the liability of both defendants as makers of two promissory notes and of one of the defendants as indorser of both said notes.

The complaint, among other things not necessary to notice now, alleges the making of the notes, setting forth a copy of them; the indorsement of them and the transfer of them to plaintiff for value received; that the notes were presented for payment and payment was demanded and refused.

The answer of the defendants " deny the complaint and each and every allegation thereof except as herein specially admitted or otherwise answered."

The answer then sets forth in substance a course of dealing between defendants and plaintiff in discounting notes and paying or renewing the same as a continuing indebtedness at excessive rates of discount, so that no indebtedness existed for the notes in suit, and " so that said notes * * * were given without any good or valuable consideration to support them."

The answer then states as follow: " Admit the corporate existence of the plaintiff as alleged in said complaint, and that it carried on business as alleged in said complaint, and that said defendants were partners as therein stated and admit the execution and delivery of the notes to plaintiff described in the complaint, and that defendant Judson endorsed the same and waived notice and protest as described in said complaint, but defendants deny any consideration for the execution, delivery or indorsement thereof, and aver that the debt for which the plaintiff claims they were given is wholly paid before the commencement of this suit."

The answer denies the entire complaint except as specially admitted or otherwise answered.

This answer cast upon the plaintiff's counsel and the referee (of course, with the aid of defendants' counsel) the work of determining what allegations of the complaint were specially admitted and what allegations of it were admitted by being answered otherwise than by a general denial and by special admissions.

Now it seems very clear that the allegations that the payee and indorser transferred the notes for value, and that plaintiff was the owner of the notes when the action was brought; that when said notes became due they were presented for payment and payment was demanded and refused, and that the payee indorsed the notes and transferred them before maturity or for value, and that the notes were duly protested for non-payment, were not "specially admitted or otherwise answered," and so were denied, and being denied, the plaintiff had the affirmative to prove them and the right of the closing argument in respect to them. Whether or not the plaintiff actually proved the matters above stated, or whether the defendant admitted the same upon the trial would be a proper subject for consideration upon a motion for a nonsuit. We are to consider them simply as matters of pleading.

In respect to the allegations which were admitted, if at all, by being "otherwise answered," the views of this court as expressed in the opinion of Chief Judge Ruger and quoted above, 97 N. Y. 373, should effectually dispose of the contention of the defendants that they had the right to the closing argument. The plaintiff should not be deprived of this right by doubtful and uncertain allegations of the defendants' pleading, and "when a pleading is susceptible of two meanings, that shall be taken which is most unfavorable to the pleader." That the answer was doubtful is not only apparent from the language of the answer, but it also appears from the history of the trial, for the counsel for the plaintiff changed his views upon that question after an ex-

amination of it, and the defendants' counsel, who prepared the answer, chanced his views upon it, first conceding that plaintiff must first introduce evidence and contending that plaintiff had not proved *it* was the owner of the note.

But if it be assumed that "otherwise answered" in the answer plainly means to admit the making, the indorsement, delivery of the notes and everything appertaining to them except the consideration of them, then the defendant is in collision with the other rule above quoted, that a plaintiff is never to be deprived of the affirmative and burdened with the defensive matter connected with admissions, perhaps as in this case, quite formal and of easy proof.

For these reasons we think the judgment should be affirmed.

But if we were in doubt in relation to the question, we think the defendants, who had the offer of the final summing up, and that too after hearing all that plaintiff could urge in favor of the plaintiff's side of the case, could not have suffered any serious harm or prejudice from the course of the trial.

The judgment should be affirmed with costs.

All concur in result, except FOLLETT, Ch. J., not sitting.